Gloria DAVILA, Appellant,

v.

The STATE of Texas, Appellee.

No. 506–83.

Court of Criminal Appeals of Texas, En Banc.

Feb. 29, 1984.

---

Floyd D. Holder, Jr., Lubbock, for appellant.

John T. Montford, Former Dist. Atty., Jim Bob Darnell, Dist. Atty. and Hollis M. Browning, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appellant was convicted by a jury of delivery of heroin by constructive transfer. The jury assessed punishment at eight years confinement. The Amarillo Court of Appeals reversed the conviction in an unpublished opinion. We granted the State's petition for discretionary review in order to review the Court of Appeals' holding that the evidence fails to show a "constructive" transfer of the heroin within the meaning of the Controlled Substances Act, Tex.Rev. Civ.Stat.Ann. Art. 4476–15, Sec. 1.02(8), which provides in pertinent part:

" 'Deliver' or 'delivery' means the actual or constructive transfer from one person to another of a controlled substance . . ."

The indictment alleged in pertinent part that:

"On or about the 27th day of August, A.D. 1980 . . . GLORIA DAVILA did then and there knowingly and intentionally deliver by constructive transfer, to Glenn E. Chism a controlled substance listed in Penalty Group I, to-wit: Heroin . . ."

The following evidence presented at trial, as summarized by the Court of Appeals, appears to be undisputed:

"Agent Chism testified that at approximately 11 a.m. on August 27, 1980, in the company of an informant unidentified in the record, he arrived in his automobile at a residence at 605 Zenith Avenue in Lubbock, parking against the curb immediately behind a pickup truck. In their approach to the front door of the residence, the pair passed directly by one Cosme Tijerina (Cosme), who was standing on the lawn near the curb talking with a man seated behind the steering wheel of the pickup. Entry to the residence being granted, Chism observed appellant seated on the couch with Ascenta Tijerina in the living room, into which the front door opened.

"The record shows the appellant, having been acquainted with Chism approximately two weeks, inquired what the pair wanted, and Chism simply responded 'four.' The appellant thereupon absented herself, joined Cosme outside and engaged him in brief conversation, within sight but outside hearing of Chism. The appellant reentered the house and resumed her seat. Then, Chism noticed Cosme walk by the side of the house.

"In short order Cosme entered the house, approached Chism and asked either 'How many do you want' or 'What do you want.' Chism repeated his request for 'four,' and Cosme, having in his hand precisely four party balloons, tied at the opening, placed them in Chism's hand, in exchange for Chism's tender to him of

$120.00.[1] Chism and the informant then departed, rendezvousing with other law enforcement officers who had been conducting surveillance of the residence. Chism noted that he had, on prior occasions, seen the appellant at the residence.[2] "Officer Robinson, assigned by the Lubbock police department to a 'DEA task force,' testified that on the date in question he was 'on surveillance' of the residence from a vantage point approximately two blocks distant. Robinson further stated that Cosme walked from the point where he had been standing to a park behind the house, approached a sofa, bent over and 'did something.' Cosme then proceeded inside the residence."

▪ Appellant was not charged with being a party to the actual transfer of the heroin which took place when Cosme delivered it to Chism. See V.T.C.A. Penal Code, Secs. 7.01, 7.02. The indictment alleged that appellant "constructively" transferred the narcotic to Chism and thus the Court of Appeals was correct in holding that the State was required to prove a constructive transfer. The Court of Appeals relied on our opinion in *Rasmussen v. State,* 608 S.W.2d 205 (Tex.Cr.App.1980) in finding that the evidence insufficiently proved a constructive transfer.

▪ In *Rasmussen* we noted that the term "constructive transfer" had not been previously defined by this Court and we looked to other jurisdictions which had adopted similar statutes from the Uniform Controlled Substances Act for guidance. We followed other jurisdictions and interpreted a constructive transfer to be the transfer of a controlled substance either belonging to the defendant or under his direct or indirect control, by some other person or manner at the instance or direction of the defendant. 608 S.W.2d at 209; see *State v. Ellis,* 239 S.E.2d 670 (W.Va.1977); see also *State v. Guyott,* 239 N.W.2d 781 (Neb.1976); *State v. McHorse,* 85 N.M. 753, 517 P.2d 75 (N.M.Ct.App. 1973).[3]

Following *Rasmussen,* the Court of Appeals held:

"In the present case, the evidence fails to establish that the controlled substance in question belonged to appellant, or that prior to its delivery by Cosme, it was under her direct or indirect control. The evidence equally fails to establish that Cosme was acting as appellant's agent or under her direction. The only facts linking appellant to the offense charged are that she was on the scene and spoke to Cosme after Chism told her what he wanted and before Cosme made the delivery. However, those facts do not satisfactorily evidence either her ownership or control of the contraband, particularly since any control of the premises by her was negated, and they do no more than raise a suspicion that Cosme was either her agent or acting under her direction."

▪ We affirm the judgment of the Court of Appeals. The evidence presented in the instant case fails to show that appellant had direct or indirect control of the contraband prior to its delivery, and does not show that the contraband was delivered by Cosme at the instance or direction of appellant. At most the evidence shows that appellant merely relayed Chism's offer to buy to her husband Cosme. Cosme negotiated both the quantity and the price before making the delivery. Appellant made no response when Chism offered to buy "four."

---

1. Although Cosme had four balloons in one hand which he delivered to Chism, Chism admitted that Cosme "could have had some in his other hand." The balloons given to Chism contained heroin.

2. Testimony heard outside the presence of the jury revealed that neither appellant nor Cosme, her common-law husband, lived at the residence, which belonged to Cosme's brother, Cruz Tijerina and his wife Ascenta.

3. A constructive transfer can take place other than through a live intermediary. In *State v. Guyott,* supra, a constructive transfer occurred when the defendant negotiated a narcotics transaction with an undercover officer and told the officer to pick up the narcotics himself from their hidden location in a wastebasket.

The fact that she might have understood what he meant by his cryptic offer is no proof that the contraband was under her direct or indirect control prior to its delivery by Cosme to Chism. Furthermore, appellant's act in merely relaying an offer from buyer to seller is not sufficient to prove that the seller acted at the "instance or direction" of the appellant. There is no proof that appellant had any control over Cosme's actions.

The judgment of the Court of Appeals is affirmed.