**Joseph Lee CHAMBERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–85–947–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 22, 1987.

Gerald A. Burks, Galveston, for appellant.

Michael J. Guarino, Susan W. Burris, Galveston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Pursuant to Tex.R.App.P. 101, the opinion of December 11, 1986 is withdrawn and we substitute this modified opinion.

This is an appeal from a jury conviction of burglary of a building enhanced by one prior conviction. The court below assessed

punishment at twenty-five years confinement in the Texas Department of Corrections. In two points of error, appellant maintains that the court below erred (1) in denying appellant's motion to quash the jury panel and (2) in not submitting the issue of voluntariness of the confession to the jury. We find no error and therefore, affirm the judgment of the court below.

In point of error one, appellant argues that the court below erred in denying his motion to quash the jury panel. He maintains that the State exercised its peremptory challenges to purposefully discriminate against and exclude blacks from sitting on appellant's jury. Consequently, appellant's constitutional right to equal protection was denied. Further, appellant maintains that he met his burden of establishing a prima facie case of purposeful discrimination by the State in its selection of the jury under the standard announced in *Batson v. Kentucky*, —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[1] Additionally, appellant argues that the State failed to meet its burden of overcoming the inference of discrimination by giving a neutral explanation for challenging the black jurors as required by *Batson*. Thus, he argues that the jury panel should have been quashed by the court below in response to his motion.

■ *Batson* permits the defendant to establish a prima facie showing of purposeful discrimination in jury selection *solely on evidence* concerning the State's exercise of peremptory challenges at the defendant's trial. *Batson*, —— U.S. at ——, 106 S.Ct. at 1722–23. To establish this prima facie showing, the defendant (1) must show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race, (2) may rely on the fact that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate," and (3) must show that these facts

and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the jury on account of their race. *Id.* at 1723. Once the trial court determines that the defendant made a prima facie showing of discrimination, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. *Id.* While this neutral explanation need not rise to the level justifying exercise of a challenge for cause, it must go beyond the prosecutor's mere statement that he challenged jurors of the defendant's race on the assumption that they would be partial to the defendant because of their shared race, or the prosecutor's denial of a discriminatory motive. Further, the prosecutor may not merely affirm his good faith in individual selections. *Id.*

After the jury was selected, but before it was sworn, appellant filed a timely motion to quash the jury panel. The court conducted a hearing on this motion out of the presence of the jury. After the hearing, the court below overruled the motion.

■ We do not find that the State engaged in unconstitutional purposeful discrimination through the use of peremptory challenges under the *Batson* rule. At the hearing on the motion to quash the jury panel, appellant attempted to make his prima facie showing of purposeful discrimination in jury selection from the facts in his case, as required by *Batson*. The defense attorney demonstrated that his client was black and that all four of the black venire members, Mr. Spencer, Mr. Oliver, Ms. Alcorn and Mr. Lamb, were struck by the State. He then called the prosecutor, Mr. Clark, and questioned him about his reasons for striking each of the black panelists. The State attempted to rebut appellant's prima facie showing by coming forward with neutral explanations for striking Mr. Spencer, Mr. Oliver, Ms. Alcorn and Mr. Lamb.

1. Although appellant's conviction occurred prior to the issuance of *Batson*, the Supreme Court in *Griffith v. Kentucky*, —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d —— (1987) (available Jan. 14, 1987 on WEST LAW, Genfed library, SCT file) has held that a new rule for the conduct of criminal prosecutions, such as the ruling in *Batson*, applies retroactively to all cases pending on direct review or not yet final.

Mr. Clark testified that he struck Mr. Spencer because he noted several things about Mr. Spencer that, combined together, disturbed him: (1) Mr. Spencer's religious preference was Church of Christ, which Mr. Clark regarded as a religious preference that was "a little bit away from the main stream;" (2) Mr. Spencer had never served on a jury before; (3) Mr. Spencer's juror card indicated that the space for husband or wife's name was "not applicable" and the space for number of children was unmarked; and (4) Mr. Spencer's handwriting was not very legible. As reasons for striking Mr. Oliver, Mr. Clark testified that: (1) Mr. Oliver misspelled "Baptist;" (2) Mr. Oliver was young (23 years old); and (3) "since I have been a D.A. here for three years, the name 'Oliver,' in back of my head, rings a bell, I'm beginning to associate him with a fellow named 'Oliver' that lives down in the [sic] that part of the country, 3522 Avenue M–½." Mr. Clark testified that he struck Ms. Alcorn because she was a Jehovah's Witness, which he regarded to be a fringe religious group preference, and because her juror card indicated that she was unmarried with two children. Mr. Clark testified that he struck Mr. Lamb because he "just didn't feel like he [Mr. Lamb] was really very attentive to what was going on. I had a feeling he was nodding his head a little bit too much toward you, and not enough towards me."

The trial court did not indicate why it overruled appellant's motion to quash.[2] It could have overruled the motion (1) because it did not find that appellant had made a prima facie showing of discrimination under *Batson* in that appellant failed to show other relevant circumstances which raised the inference; or (2) because it found that the State's neutral explanations rebutted appellant's prima facie showing of purposeful discrimination; or (3) because it did not find that appellant carried his ultimate burden of persuasion in rebutting the State's asserted neutral explana-

tions. After reviewing the record, we do not find that the trial court's action was clearly erroneous. Moreover, we note that explanations of "fringe religion member," "body english," "age," "marital status," "handwriting," or "name association" appear to this court to be sufficiently neutral. Consequently, because appellant failed to show purposeful discrimination by the State in its exercise of peremptory challenges under the *Batson* standard, we do not find error in the trial court's overruling of the motion to quash the jury panel. Point of error one is overruled.

■ Appellant argues in point of error two that the court below erred in denying his requested charge to the jury on the issue of voluntariness of his confession. If the evidence offered before the jury did not raise the issue of voluntariness of the confession, appellant was not entitled to a jury charge on the matter. *Wagner v. State*, 687 S.W.2d 303, 307 (Tex.Crim.App.1984). Raising an issue as to the voluntariness of a confession means that some evidence must be presented that the confession was not voluntary. *Brooks v. State*, 567 S.W.2d 2, 3 (Tex.Crim.App.1978). We have reviewed the record and find that the evidence did not raise a fact issue as to the voluntariness of the confession. The evidence presented by the State demonstrated that the confession was voluntary; this evidence was not rebutted before the jury in any way. Appellant was not entitled to a jury charge on the issue of voluntariness of the confession. Point of error two is overruled.

The judgment of the court below is affirmed.

---

2. We commend to the Bench and the Bar the cases cited in footnote 18 in *Batson*, —— U.S. at —— , 106 S.Ct. at 1721, which detail the procedure and the shifting burdens and inferences.