**Lonnie RASCO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–86–287–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 24, 1987.

Discretionary Review Refused
Jan. 6, 1988.

Walter J. Pink, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant Lonnie Rasco appeals from a judgment of conviction for the offense of delivery by constructive transfer of more than 200 grams and less than 400 grams of the controlled substance cocaine. The jury rejected appellant's not guilty plea and found him guilty as charged in the indictment. The court assessed punishment at ten years' confinement in the Texas Department of Corrections and a one thousand dollar fine. We affirm.

Appellant presents two points of error. In his first point of error, appellant, who is black, claims that the trial court erred by denying his motion to strike the petit jury panel, arguing that the State purposefully used peremptory challenges to discriminate by excluding all blacks from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). His second point of error is that the trial court erred by denying his motion for an instructed verdict at the close of the state's case-in-chief.

We first address appellant's challenge to the State's use of peremptory strikes to exclude black jurors. Appellant made a timely objection to the petit jury. He claimed the State used its peremptory challenges to exclude all blacks from the jury. The court overruled his objection and also overruled appellant's motion for a new trial, a portion of which consisted of a *Batson* equal protection objection. In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that a defendant could establish a *prima facie* case of purposeful discrimination, in violation of the equal protection guarantees of the fourteenth amendment, by showing that the prosecutor used peremptory strikes against members of the defendant's race. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1722–24. On the defendant's establishing such a *prima facie* case, the burden shifts to the State to furnish neutral explanation for the challenges. *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723; *Henry v. State*, 729 S.W.2d 732, 734 (Tex.Crim.App.1987). The trial court must then determine whether, despite the State's explanations, the defendant has established a case of purposeful discrimination. *Williams v. State*, 731 S.W.2d 563 (Tex.Crim.App.1987) (en banc); *Keeton v. State*, 724 S.W.2d 58, 65–66 (Tex.Crim.App. 1987) (opinion on court's own motion).

The prosecutor must do more than merely deny discriminatory motive. *Chambers v. State*, 724 S.W.2d 440, 441 (Tex.App.–Houston [14th Dist.] 1987, no pet.) (citing *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723). Nor may the State rely on an assumption that jurors of the same race as the defendant would be biased. *Id.* However, the explanations need not rise to the level justifying challenges for cause. *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723.

After reviewing the record, we found that appellant made a *prima facie* showing of purposeful discrimination. In the case before us, voir dire was conducted on December 12, 1985. Although the *Batson* opinion was issued over four months later,

the holding was to be applied retroactively. *Griffith v. Kentucky,* —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Pursuant to Tex.R.App.P. 81(a) and consistent with the *Henry* and *Keeton* opinions, we then ordered the trial court to conduct a *Batson* hearing to provide the State an opportunity to come forward with a neutral explanation for the peremptory challenges and to determine whether purposeful racial discrimination had occurred.

The trial court conducted a hearing at which the prosecutor advanced her reasons for using five of her ten peremptory strikes to exclude black venirepersons. The trial court then entered findings of fact and conclusions of law on the issue of whether the State's use of its strikes was motivated by purposeful racial discrimination.

We may not reverse the trial court's findings concerning purposeful racial discrimination unless its determination is clearly erroneous. *United States v. Mathews,* 803 F.2d 325, 330 (7th Cir.1986); *Rodgers v. State,* 725 S.W.2d 477, 480 (Tex.App.–Houston [1st Dist.] 1987, no pet.); *Grady v. State,* 730 S.W.2d 191, 194 (Tex.App.–Dallas 1987, no pet.). In the context of reviewing findings concerning purposeful discrimination we give great deference to the findings of the trial court since its determinations are essentially factual, turning inevitably on credibility evaluations, and since the trial court is experienced in supervising voir dire. *Batson,* 476 U.S. at 98 n. 21, 97, 106 S.Ct. at 1724 n. 21, 1723, respectively.

■ The trial court found that the prosecutor used her peremptory challenges to strike five blacks and five whites from the panel. Venirepersons Nine, Ten, Twenty, Twenty-three and Twenty-six were black. It determined that the State struck venireperson Number Nine, a former housewife who had only been working one year as a librarian, because she wanted jurors with more experience in the work force. Prospective juror Number Ten, the court found, was struck because the prosecutor felt she had an attitude toward police credibility that would be detrimental to the

State's case since, as a teacher, she was accustomed to hearing excuses from her students. The trial court found that venireperson Number Twenty was struck because she was younger than the average age juror sought by the State and because she was single and had no prior jury service in view of the State's preference for more experienced or established individuals. The Court determined that the prosecutor struck a Baptist minister, Number Twenty-three, because she was of the opinion that he would be either more favorable to or give more credence to the defense counsel, who told the panel that he too was a minister. The trial court found that the State's reason for striking the fifth black person, Number Twenty-six, was that her brother had been involved in the legal system in connection with cocaine.

The trial court concluded that the appellant had failed to establish purposeful racial discrimination in the exercise of the State's peremptory strikes and that the prosecutor's reasons for striking the five black persons were neutral, legitimate, clear and reasonably specific, as well as related to the trial of the case.

We fail to find clear error in the lower court's determination that the State's peremptory challenge of the five black members of the venire lacked a purposeful racially discriminatory motive. We find that the State's reasons are sufficiently racially neutral since they concern age, occupation, relatives' problems with the law, and religious preference. *Chambers v. State,* 724 S.W.2d 440, 441–42 (Tex.App.–Houston [1st Dist.] 1987, no pet.); *Rodgers v. State,* 725 S.W.2d 477 (Tex.App.–Houston [14th Dist.] 1987, no pet.). Moreover, the lower court was satisfied that the State's reasons related to the trial of the case itself rather than the defendant's race. *See Batson,* 476 U.S. at 89, 106 S.Ct. at 1718–19. We find that the lower court's findings are supported by the record and its conclusions consistent with *Batson.* Appellant's first point of error is thus overruled.

■ Appellant is precluded from presenting his second point of error in which he asserts that the trial court erred

in denying his motion for an instructed verdict at the close of the state's case-in-chief. When a defendant makes a motion for instructed verdict which is denied, and then puts forth a defense, he cannot challenge the court's denial of the motion for instructed verdict on appeal. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim. App.1980); *Smith v. State*, 704 S.W.2d 568, 570 (Tex.App.–Houston [14th Dist.] 1986, pet. ref'd); *Shirley v. State*, 501 S.W.2d 635, 637 (Tex.Crim.App.1973). Nonetheless, in the interest of justice, we will address appellant's challenge to the sufficiency of the evidence to support the jury's verdict. However, because appellant waived any challenge to the sufficiency of the evidence at the point when the State rested, our review will encompass the entirety of the trial evidence.

On February 9, 1985, S.A. Smith, an undercover narcotics officer for the Houston Police Department, negotiated with Herman Roberts and Laurell Hearsey to purchase eight ounces of cocaine for $16,000, but was told to return to Hearsey's location the next day since Hearsey did not have enough cocaine at his location. When Smith arrived at the house the next day, Hearsey told him the cocaine had already arrived, whereupon Smith told Hearsey to produce it. When Hearsey told Roberts to get the cocaine for Smith, Roberts moved to a hallway and motioned with his arm. The appellant then stepped out of a bedroom. He was carrying a brown sack which he handed to Roberts. Appellant returned to the bedroom immediately and shut the door. Roberts removed a plastic bag of cocaine from the brown sack and weighed the substance with the triple beam scale and spoon which Smith had observed on the dining table on entering the house. Smith then left to get his purchase money from his car, returned to the house and paid for the cocaine, whereupon the police entered the house and arrested the occupants, including the appellant whom the police found hiding in the bedroom.

In reviewing the sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Draper v. State*, 681 S.W.2d 175, 176 (Tex.App.–Houston [14th Dist.] 1984, pet. ref'd). The standard applies to the review of both direct and circumstantial evidence. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983) (opinion on State's motion for rehearing).

Since appellant was found guilty of delivery by constructive transfer of cocaine, the State was required to establish the elements of constructive transfer. In *Davila v. State*, 664 S.W.2d 722, 724 (Tex.Crim. App.1984) (en banc), the Court of Criminal Appeals construed Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 1.02(6) (Vernon Supp.1987) (Texas version of the Uniform Controlled Substances Act, "the Texas Act") which defines "delivery" as "actual or constructive transfer ... whether or not there has been an agency relationship". The court reiterated its earlier interpretation set out in *Rasmussen v. State*, 608 S.W.2d 205, 209 (Tex.Crim.App.1980) (opinion on State's motion for rehearing) which drew on the law of other jurisdictions in interpreting "constructive transfer". *Davila*, 664 S.W.2d at 724. We interpret the *Davila* court's construction of the Texas Act, to require the State to establish that transfer of the controlled substance initiated in the defendant, and that the substance either belonged to him or was under his direct control prior to the actual transfer. 664 S.W.2d at 724. Appellant urges that the evidence shows that he was at most a "mere conduit", citing *Duffield v. State*, 643 S.W.2d 139 (Tex.Crim.App.1982), and that consequently the State's proof falls short of the *Jackson v. Virginia* and *Carlsen v. State* standards. We cannot agree.

■ The evidence shows that on Smith's arrival the appellant was already in the house where the scale and spoon were in view. When Smith asked to see the cocaine, Roberts signalled and the appellant produced the bag which held the cocaine and handed it to Roberts. Furthermore, the State impeached Hearsey, who testified

at trial that the appellant was not involved, by introducing Hearsey's previously sworn affidavit in which he admitted committing the offense along with the appellant and Rogers. Since appellant had advanced a defensive theory through Hearsey's testimony, the State was entitled to present his affidavit in rebuttal. Tex.Code Crim.Proc. Ann. art. 36.01(7) (Vernon 1981); *Laws v. State,* 549 S.W.2d 738, 740–41 (Tex.Crim. App.1977).

Viewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have inferred or deduced from the evidence and testimony that appellant was guilty of a constructive transfer of the cocaine to Smith beyond a reasonable doubt. The State's evidence supports the inference that appellant either owned or controlled the cocaine which he gave to Roberts, and which Hearsey and Roberts then transferred to Smith. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Carlsen v. State,* 654 S.W.2d at 450–51 (Tex.Crim.App. 1983) (opinion on State's motion for rehearing). Appellant's assertion that there was insufficient evidence to support the jury's verdict is without merit.

Accordingly, the judgment of the trial court is affirmed.