Eric Genell HUBBARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00638–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 23, 1995.

Glenn J. Youngblood, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Devon Ward Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

The trial court found appellant, Eric Genell Hubbard, guilty of the felony offense of delivery of cocaine in an amount less than 28 grams. After appellant pleaded true to the enhancement allegations in the indictment, the court found the enhancements to be true and sentenced appellant to 25–years imprisonment. In a sole point of error, appellant contends that the trial court erred in finding that he constructively transferred cocaine because the State did not present legally sufficient evidence to support such a finding. We affirm.

## I. Summary of Facts

On October 4, 1993, Officers Gary Dora and D.J. Owens were working an undercover narcotics "buy-bust" operation. At approximately 7:15 p.m., the officers drove an unmarked car into the parking lot of a convenience store after receiving information that crack cocaine was being sold at the location. Officer Dora got out of his car and stood on the sidewalk in front of the store. Appellant walked up to Officer Dora and asked him

what he was looking for, and Officer Dora said he wanted to buy $20 worth of crack cocaine. Appellant replied, "Okay, you looking for couple dimes. Let me see if I can find somebody to help you." Appellant turned, whistled, and yelled "Chico" to a man standing across the street. As Chico approached appellant and Officer Dora, appellant told Officer Dora that Chico would help him out.

Appellant told Chico, "My man's looking for a couple of dimes," and Chico sold a rock of what appeared to be crack cocaine to Officer Dora. During the transaction, appellant stood nearby and observed. At trial Officer Dora testified that appellant himself did not personally deliver any cocaine or directly offer to sell any cocaine. After the sale was completed, appellant and Chico walked away together. Officer Dora called the raid team, and the two men were arrested. Subsequent testing revealed that the substance that Chico sold to Officer Dora was cocaine in an amount less than 28 grams.

In the indictment, the State alleged that appellant unlawfully delivered cocaine to Officer Dora in the following ways: (1) by actual transfer; (2) by constructive transfer; or (3) by offering to sell the cocaine to Officer Dora. In its oral announcement of guilt at trial, the trial court only found appellant guilty of *constructive delivery* of a controlled substance. However, the court's written judgment did not specifically state the manner in which appellant unlawfully delivered cocaine. Rather, the judgment stated that appellant did "unlawfully, intentionally, and knowingly deliver a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants and dilutants, less than 28 grams."

## II. Standard of Review

■■■ In reviewing the legal sufficiency of the evidence, we view the evidence in a light most favorable to the verdict and decide whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 155 (Tex.Crim.App.1991).

This standard applies to direct and circumstantial evidence, and the State need not exclude every reasonable hypothesis other than an appellant's guilt. *Geesa*, 820 S.W.2d at 156–61. The trier of fact is the sole judge of the witnesses' credibility and may believe or disbelieve any part of a witness' testimony. *Gaines v. State*, 874 S.W.2d 733, 734 (Tex.App.—Houston [1st Dist.] 1994, no pet.). Further, the trier of fact may believe a witness even though his testimony is contradicted. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Gaines*, 874 S.W.2d at 735.

## III. Analysis

■■■ The elements of the offense of delivery of a controlled substance are: (1) a person; (2) knowingly or intentionally; (3) delivers; (4) a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp.1995). The State may prove delivery by establishing actual transfer, constructive transfer, or an offer of sale. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1992). We first determine whether we must limit our analysis to whether the evidence is sufficient as to constructive delivery since that is the only method mentioned by the trial court in its oral announcement of appellant's guilt. It is well settled that a written order of the court controls over an oral announcement. *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex.Crim.App. [Panel Op.] 1980); *Francis v. State*, 792 S.W.2d 783, 784 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd); *Manz v. State*, 787 S.W.2d 580, 582 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Since the court's written judgment did not state which method of delivery that the State proved, we may consider whether the evidence is sufficient under any of the theories presented in the indictment. *See Fuller v. State*, 827 S.W.2d 919, 931 (Tex.Crim.App. 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993) (when general verdict is returned and evidence is sufficient to support finding of guilt under any of allegations submitted, verdict will be upheld).

## A. Actual Transfer

■ An actual transfer or delivery of property occurs when the transferor manually transfers property to the transferee, the transferee's agents, or someone identified in law with the transferee. *Heberling v. State,* 834 S.W.2d 350, 354 (Tex.Crim.App.1992); TEX.HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1992). As noted, the testimony that the State elicited at trial indicated that appellant himself did not deliver any cocaine to Officer Doyle. However, a person is criminally responsible for an offense committed by another if, acting with intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988); TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1994). To prove appellant's guilt as a party to actual delivery, the State must show that the actual transferor committed the offense and that appellant encouraged, directed, or aided him in the commission of the offense. *Becker v. State,* 840 S.W.2d 743, 746 (Tex.App.—Houston [1st Dist.] 1992, no pet.). In determining whether a person acted as a party to an offense, the trier of fact may look to events occurring before, during, and after the offense, and it may rely on actions that show an understanding and common design to engage in an act. *Moore v. State,* 804 S.W.2d 165, 166 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Participation in an offense may be shown by circumstantial evidence. *See Beardsley v. State,* 738 S.W.2d 681, 684 (Tex. Crim.App.1987).

■ The record shows that appellant knowingly assisted in the commission of the offense by obtaining a seller for Officer Doyle, informing the seller of Officer Doyle's desire to buy drugs, and standing nearby when Chico sold the cocaine to Officer Doyle. *See Becker,* 840 S.W.2d at 746 (evidence sufficient to sustain appellant's conviction as party to actual transfer when record showed appellant obtained seller for undercover officer, informed seller of officer's desire to buy a "twenty," and handled money and cocaine). Further, appellant's departure with Chico after the sale is circumstantial evidence that the two were working together to complete the sale. *See Moore,* 804 S.W.2d at 166. Therefore, we find the evidence legally sufficient in the present case to support appellant's conviction on the basis that he acted as a party to Chico's actual transfer of cocaine to Officer Doyle.

## B. Constructive Transfer

■ A defendant constructively transfers a controlled substance when he directs some other person or means to transfer a substance that either belongs to him or is under his control. *Whaley v. State,* 717 S.W.2d 26, 31 (Tex.Crim.App.1986); TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1992). To prove constructive transfer, the State must show that: (1) prior to the alleged delivery, the transferor had either direct or indirect control of the substance transferred; (2) the transferor knew of the transferee's existence; and (3) the transferor directed some other person or means to deliver the substance to the transferee. *Daniels v. State,* 754 S.W.2d 214, 221–22 (Tex.Crim.App.1988); *Atuesta v. State,* 788 S.W.2d 382, 385 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd); *Whaley,* 717 S.W.2d at 31.

■ When determining whether the State proved the elements of a constructive transfer at trial, we focus on the following factors: (1) whether the defendant initiated the contact with the transferee that led to the sale; and (2) whether the defendant remained present at the scene during the delivery from the transferor to the transferee.[1] The purpose of this inquiry is to determine whether the evidence suggests that the defendant directed the transferor to deliver the defendant's contraband to the transferee, or whether the defendant merely relayed the transferee's offer to the transferor so that the transferor could deliver his own contra-

---

1. *Compare Davila v. State,* 664 S.W.2d 722, 723 (Tex.Crim.App.1984) (no evidence of constructive transfer) *with Swinney v. State,* 828 S.W.2d 254, 257–58 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (distinguishing *Davila* because appellant initiated transaction with transferee and was present during delivery).

band. *Davila v. State*, 664 S.W.2d 722, 724 (Tex.Crim.App.1984); *Swinney v. State*, 828 S.W.2d 254, 257–58 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

Appellant contends that the State produced no evidence to show that, prior to the transfer, he had either direct or indirect control of the substance transferred. Further, he argues that the State produced no evidence to show that he directed the transfer between Chico and Officer Dora. We disagree. As noted above, the evidence at trial established that appellant initiated contact with Officer Dora. When Officer Dora asked for $20 worth of cocaine, appellant called Chico over and told him of Officer Dora's request. Appellant stood nearby during the sale and walked away with Chico after the sale. Although Officer Dora admitted that he did not personally know whether appellant had any control over the cocaine that Chico delivered, we find sufficient circumstantial evidence in the record for the trial court to find beyond a reasonable doubt that appellant controlled the cocaine and directed Chico to deliver it to Officer Dora.

We overrule appellant's sole point of error.

We affirm the judgment of the trial court.