11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Cecil Keith Hayes

Appellant

Vs.                   No.
11-02-00244-CR B Appeal from Dallas County

State of Texas

Appellee

 

The jury
found appellant guilty of aggravated robbery and sentenced him to confinement
for ten years.  Appellant appeals.  We affirm.

Appellant
stuck a gun in the victim=s ribs and told her he would count to three and pull the trigger if the
victim refused to hand over her purse. 
When the victim refused, appellant shoved her against the car door and
banged her head against the car window. 
Appellant hit the victim in the head with his fist and choked the victim
with his elbow.  Finally, appellant
placed the gun between the eyes of the victim=s granddaughter.  At that point,
the victim let go of her purse.  The
sufficiency of the evidence is not challenged.








In his
first point, appellant, an African-American, argues that the court erred in
overruling his Batson[1]
objections to the State=s peremptory challenges to five African-American veniremembers.  Appellant contends that the State=s challenges to these veniremembers were
racially motivated.  The use of
peremptory challenges to exclude persons from the petit jury because of race
violates the equal protection clause of the 14th Amendment to the U.S.
Constitution.  Batson v. Kentucky,
supra; Ladd v. State, 3 S.W.3d 547, 563 (Tex.Cr.App.1999), cert. den=d, 529 U.S. 1070 (2000).  The
party objecting under Batson must make a prima facie showing of
discriminatory motives.  If the
objecting party makes a prima facie showing, then the burden shifts to
the other party to come forward with a race-neutral explanation.  The objecting party may rebut the
race-neutral explanation.  The trial
court must then decide whether the objecting party has proven purposeful
discrimination.  Because the trial court=s decision frequently turns on an evaluation
of credibility, we give the court=s decision great deference and will not disturb it unless it is clearly
erroneous.  Herron v. State, 86 S.W.3d
621, 630 (Tex.Cr.App.2002).

The State
offered the following race-neutral explanations and reasons for striking the
veniremembers:  

(1) Juror
No. 15 (Madkins).  The juror indicated
that rehabilitation was the primary purpose of punishment and the juror was
unemployed. The prosecutor stated that she struck every person who considered
rehabilitation to be the primary purpose for punishment.

 

(2) Juror
No. 17 (Randolph Wilson).  The juror
believed rehabilitation was the primary purpose of punishment; the juror was
sleeping; and the juror had a bulging disc which could cause the juror
discomfort while listening to the testimony.

 

(3) Juror No.
36 (Marcus Wilson).  The juror recently
completed deferred adjudication for an assault charge, and the juror also
believed that rehabilitation was the primary purpose of punishment.

 

(4) Juror
No. 61 (McNeely).  The juror card filled
out by the juror was incomplete; the juror had all gold teeth in his mouth; the
juror wore sunglasses throughout the voir dire even though the courtroom was
well lighted; and the juror was equivocal about whether he would hold it
against appellant if appellant did not testify.  When the prosecutor asked the question to the entire row of
veniremembers, the juror was shaking his head Ayes.@  But
when the prosecutor asked the question directly to the juror, the juror replied
Aoh, no, no.@  The prosecutor stated that the
juror=s Abody language@ was
inconsistent with some of the answers he was giving.

 

(5) Juror
No. 66 (Brown).  The juror was an
unemployed single parent of an eight-month-old baby, and the juror had an
appointment to receive some type of governmental assistance the following
morning.  If the juror missed the
appointment, it would take three weeks to reschedule another appointment.  The prosecutor stated  to the court that it seemed Athe absolute right thing to do@ to strike the juror.

 








The
prosecutor pointed out to the trial court that the State did not strike two
African-Americans who were selected to serve on the jury.  The reasons given by the prosecutor were
race-neutral.  See Adanandus v. State,
866 S.W.2d 210, 224-25 (Tex.Cr.App.1993), cert. den=d, 510 U.S. 1215 (1994)(rehabilitation is a primary goal for
punishment); Satterwhite v. State, 858 S.W.2d 412 (Tex.Cr.App.1993)(failure to
complete juror card); Earhart v. State, 823 S.W.2d 607
(Tex.Cr.App.1991)(unemployment); Ivatury v. State, 792 S.W.2d 845, 848
(Tex.App. - Dallas 1990,  pet=n ref=d)(sleeping during voir dire); Anderson v. State, 758 S.W.2d 676, 680
(Tex.App. - Fort Worth 1988, pet=n ref=d)(trouble with the law); Chambers v. State
724 S.W.2d 440, 442 (Tex.App. - Houston [14th Dist.] 1987, pet=n ref=d)(body language).

Appellant
does not dispute the State=s reasons or contend that they are not race-neutral.  Appellant argues in his brief that the
prosecutor engaged in disparate treatment of the minority veniremembers.  Appellant fails to cite to any portion of
the voir dire examination that would support a claim of disparate questioning
or treatment.  The State=s race-neutral explanations were not rebutted
by cross-examination or other evidence. 
The trial court=s
ruling was not clearly erroneous. 
Appellant=s first point of error is overruled.  See Pondexter v. State, 942 S.W.2d 577
(Tex.Cr.App.1996), cert. den=d, 552 U.S. 825 (1997).

Appellant
contends in his second point of error that the trial court erred in overruling
his motion to suppress three written confessions.  Appellant urges that his confessions were involuntary because the
detectives did not honor his request for an attorney and because the detectives
promised  not to file all the cases they
had against appellant if he would cooperate with them.

When an
accused requests counsel, all interrogations must cease unless an attorney is
present.  Miranda v. Arizona, 384 U.S.
436 (1966).  Also, certain promises made
to an accused by persons in authority that would likely influence the accused
to speak untruthfully can render a confession involuntary.  See Janecka v. State, 937 S.W.2d 456, 466
(Tex.Cr.App.1996), cert. den=d, 522 U.S. 825 (1997).  At a
suppression hearing, the trial court is the trier of fact and assesses the
witnesses= credibility and the weight to be given to
the testimony.  We afford almost total
deference to a trial court=s findings of historical fact that are supported by the evidence.  Herron v. State, supra at 627.  Furthermore, we defer to a trial court=s application of law to fact rulings if they
turn on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997).








At the
pretrial suppression hearing, the State presented the testimony of police
officers William Ellstrom, Walter Hughey, and David Westfallen.  Appellant testified that he requested an
attorney and that he was told that other cases would not be filed against him
if he cooperated with the officers and helped them clear the books.  The officers refuted appellant=s testimony. 
The trial court made oral findings and conclusions in the record.  The trial court found beyond a reasonable
doubt that appellant never asked for an attorney or never asked to terminate
the interview.  The trial court found
that, after being advised of his rights, appellant intelligently, knowingly,
and voluntarily waived those rights. 
The court expressly found that no promises were made and no agreements
were made not to file other cases in exchange for appellant=s statements.  The findings of the trial court are supported by the record;
therefore, the trial court acted within its discretion in holding that the
confessions were admissible.  Appellant=s second point of error is overruled.  Villarreal v. State, 935 S.W.2d 134, 138
(Tex.Cr.App.1996).

In his
final point of error, appellant complains that the trial court erred at the
punishment stage of the trial by admitting the testimony of Terri Coplin.  Appellant contends that an extraneous
offense was not proved beyond a reasonable doubt. Specifically, appellant cites
Harrell v. State, 884 S.W.2d 154, 160 (Tex.Cr.App.1994), and argues that the
trial court erred in its initial determination that a jury could reasonably
find beyond a reasonable doubt that appellant committed the extraneous offense
against Coplin.  The court in Mitchell
v. State, 931 S.W.2d 950, 953 (Tex.Cr.App.1996), held that a trial court=s threshold determination of admissibility
under TEX. CODE CRIM. PRO. ANN. art. 37.07, ' 3(a) (Vernon Supp. 2003) is based on relevancy, not on reasonable
doubt determination, and is reviewed by this court under an abuse of discretion
standard.  The court stated:

Consequently, we find that the trial court is
deemed the authority on the threshold issue of admissibility of relevant
evidence during the punishment phase of a trial, while the jury, as the Aexclusive judge of the facts,@ i.e. finder of fact, determines whether or
not the burden of proof for those offenses presented has been satisfied by the
party offering the evidence.

 








At the
hearing to determine the admissibility of several extraneous offenses, on
direct examination, Coplin identified appellant as the person who had robbed
her while she was in her car.  On
cross-examination, Coplin admitted that she could not Aabsolutely positively@ say that appellant was the man who robbed
her.  Coplin stated that she did not get
a good look at the man, but that A[i]t just [felt] like him.@  She stated that appellant
looked Afamiliar@ to her and that she felt Alike he certainly could be the man that robbed@ her. 
Although not unequivocal, Coplin=s identification testimony made it Amore probable@ that
appellant was the robber; and, thus, the evidence was relevant.  See TEX.R.EVID. 401.  The trial court instructed the jury not to
consider the extraneous offenses unless the jury found that the State proved
them beyond a reasonable doubt.  The
trial court=s decision to admit the evidence was not an
abuse of discretion.  Appellant=s final point of error is overruled.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

May 1, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[2]











[1]Batson v. Kentucky, 476 U.S. 79 (1986).





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.