**James Isreal MOSS, a.k.a. James Flower, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–00618–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 19, 1990.

Randy McDonald, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

The appellant was convicted of delivery of cocaine. The jury assessed punishment with enhancement at 55 years. The appellant contends in his first three points of error that the trial court erred by denying the appellant's Batson challenge to the state's use of peremptory strikes on three venirepersons. He further alleges in his fourth point of error that the trial court erred by allowing the jury to consider the enhancement paragraph in violation of art. 4476–15, § 4.012(a). We find no error by the trial court and affirm the judgment.

An informant introduced Officer Sanders to the appellant on September 27, 1988 at which time the officer requested to purchase two ounces of cocaine. The appellant said he would call his connection and have it in thirty minutes. Later, when the appellant returned with a bag containing a white powdery substance and delivered it to Sanders, the other officers arrested him. Analysis revealed that the package contained 58.2 grams of 94.2% pure cocaine.

The appellant's first three points of error address his contention that the prosecutor's exercise of peremptory strikes on three of the venirepersons was racially motivated. In reviewing the proceedings involving a *Batson* challenge, our focus is

on whether purposeful discrimination was established considering the evidence in the light most favorable to the trial court's ruling. If the ruling is supported by the record, it will not be disturbed. *Keeton v. State,* 749 S.W.2d 861, 870 (Tex.Crim.App. 1988).

The appellant's first objection is on the state's strike of venireperson number 5, Carl Soloman. The prosecutor explained that this person was young (age twenty-two), and that he had slept through part of the voir dire. The prosecutor felt that he would not appreciate the seriousness of the crime, and in her opinion he may be too liberal for this case. His information card indicated that he was not employed, and he responded to the general question to the panel that he had two brothers who were recently arrested for cocaine offenses.

In answer to the second questioned strike, the prosecutor stated that she felt number 31, Pamela Myles, gave the impression that she might feel sorry for drug offenders and might not be able to be impartial. This venireperson indicated that she had three cousins with drug problems and that one was in a rehabilitation facility. She responded yes to a general questions to the panel about having sympathy for drug users and dealers, and then stated her opinion that drug addiction was an illness. Upon further questioning whether she would feel sorry for a dealer because someone she cared about had been on drugs, she responded "no", but the record does not reflect that the conflicts of her responses were ever clarified. The attorney explained that Ms. Myles may be too emotionally involved in the issue. The record further reflects that Ms. Myles was concerned about a work conflict if the trial went past Thursday, and that she would not get paid if she missed work on Friday.

The third venireperson in question was No. 34, Nolon James. The prosecutor explained that this prospective juror was only 20 years old, his information card was scanty, and he indicated that he was not married. The prosecutor did not think he was someone that could make a decision on this case.

The other surrounding circumstances involved indicate that there was no prima facie showing of purposeful discrimination. The appellant was black, and the state attorney did use three of the ten peremptory strikes on black venirepersons. There were eight black persons on the venire panel out of fifty, and two black persons on the jury of twelve. Thus, 16% of the persons on the panel were black, and 16 2/3% of the persons on the jury were black. The appellant claims that the state challenged the other black venirepersons for cause, but two of the eight black persons were on the jury, one of the other black persons was also struck by the defense, and the two remaining black venirepersons, numbers 46 and 47, who were not struck by the state, were not reached in the jury selection process.

We further note that the majority of the prosecutor's strikes were on young people in their twenties. All of the strikes complained of were of young people, ages 22, 24, and 20. Youth has been held to be a racially neutral reason for exercising a peremptory strike. *Rasco v. State,* 739 S.W.2d 437, 439 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). After a careful review of the record, we have determined that purposeful discrimination was not established. The trial court did not abuse its discretion in overruling the Batson challenges as the appellant did not show a prima facie case of purposeful discrimination and because the prosecutor's explanations were credible and racially neutral. *Townsend v. State,* 730 S.W.2d 24, 27 (Tex. App.—Texarkana 1987, no pet.). The first three points of error are overruled.

In the fourth point of error, the appellant contends that his sentence was improperly enhanced. We find that the method of enhancement was proper. The appellant was convicted of delivery of a controlled substance, namely cocaine, weighing more than 28 grams and less than 200 grams. Cocaine is listed in Penalty Group I of the Controlled Substances Act. TEX.REV.CIV.STAT.ANN. art. 4476-15 § 4.02(b)(3)(D), now codified at TEX. HEALTH & SAFETY CODE ANN.

§ 481.102(3)(D). Section 4.03(b)(1) of the Act, now codified at TEX. HEALTH & SAFETY CODE ANN. § 481.112, provides that the delivery of a Penalty Group I substance is a first degree felony.

The enhancement of the appellant's sentence for this offense was in accordance with TEX. PENAL CODE ANN. § 12.42(c), which provides:

> If it be shown on the trial of a *first-degree felony* that the defendant has been *once before convicted of any felony,* on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000. (emphasis added).

The offense the appellant was convicted of is a first degree felony. It has long been held that convictions obtained under the Controlled Substances Act may be enhanced under the Penal Code by proof at trial of a previous felony. *Gutierrez v. State,* 628 S.W.2d 57, 61 (Tex.Crim.App.). It was proven in the punishment phase of the appellant's trial that he had been previously convicted of the felony of aggravated robbery. The fourth point of error is overruled. The judgment of the trial court is affirmed.