# NO. 12-14-00219-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER DARELL KENNEDY,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Darell Kennedy appeals his conviction for the felony offense of possession of a controlled substance. In his sole issue, he contends the trial court erred in overruling his **Batson**[1] motion. We affirm.

### BACKGROUND

Officers from the Tyler Police Department, while on patrol, noticed a parked vehicle occupied by Appellant. The officers believed Appellant committed a traffic violation because he parked his vehicle more than eighteen inches from the curb. When the officers made contact with Appellant, they noticed the odor of marijuana emanating from the vehicle. Appellant admitted possessing marijuana. The officers arrested Appellant, searched his vehicle, and discovered cocaine. Appellant was arrested and indicted for possession of a controlled substance (cocaine) in an amount of one gram or more but less than four grams.

Appellant pleaded "not guilty" to the charged offense, and the case proceeded to a jury trial. Following the voir dire examination of prospective jurors, the State used two of its peremptory challenges to strike African-American potential jurors. Appellant, who is African-

---

[1] **Batson v. Kentucky**, 476 U.S. 79, 89, 106 S. Ct. 1712, 1719, 90 L. Ed. 2d 69 (1986).

American, made a ***Batson*** motion complaining of the State's strikes. After an evidentiary hearing, the trial court denied the motion.

Following the presentation of the evidence and argument, the jury found Appellant guilty of the charged offense. The jury sentenced Appellant to ten years of imprisonment and assessed a $10,000.00 fine. This appeal followed.

### *BATSON* MOTION

In his sole issue, Appellant contends that the trial court erred in overruling his ***Batson*** motion.

**Standard of Review and Applicable Law**

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids a party from challenging potential jurors on the basis of their race. U.S. CONST. amend. XIV; ***Batson v. Kentucky***, 476 U.S. 79, 89, 106 S. Ct. 1712, 1719, 90 L. Ed. 2d 69 (1986). A trial court follows a three step process to evaluate a claim that a litigant has made a peremptory strike based on race. ***Snyder v. Louisiana***, 552 U.S. 472, 476, 128 S. Ct. 1203, 1207, 170 L. Ed. 2d 175 (2008). First, a defendant must make a prima facie showing that the state has used a peremptory challenge to remove a potential juror on account of race. ***Id.***; ***Purkett v. Elem***, 514 U.S. 765, 767, 115 S. Ct. 1769, 1770, 131 L. Ed. 2d 834 (1995). A defendant may establish a prima facie case solely on evidence concerning the state's exercise of peremptory challenges at trial. ***Batson***, 476 U.S. at 96, 106 S. Ct. at 1723. He also must show that these facts and any other relevant circumstances raise an inference that the state has excluded potential jurors from the petit jury based on race. *See **id.***

Once the defendant has made this prima facie showing, the burden shifts to the state to come forward with a race neutral explanation for challenging the jurors. ***Snyder***, 552 U.S. at 476–77, 128 S. Ct. at 1207; ***Batson***, 476 U.S. at 97–98, 106 S. Ct. at 1723–24. If the state offers race neutral reasons for the strikes, the burden shifts back to the defendant to show that the state's race neutral explanations for the strikes are contrived or a pretext to conceal a racially discriminatory intent. *See **Shuffield v. State***, 189 S.W.3d 782, 785 (Tex. Crim. App. 2006); ***Jasper v. State***, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). The credibility of a prosecutor who offers race neutral explanations for disparate striking of jurors can be measured by (1) the prosecutor's demeanor, (2) how reasonable or how improbable the explanations are, and (3)

whether the proffered rationale has some basis in accepted trial strategy. *See Miller–El v. Cockrell*, 537 U.S. 322, 339, 123 S. Ct. 1029, 1040, 154 L. Ed. 2d 931 (2003). But those factors are not exclusive, and we examine all relevant factors when evaluating the prosecutor's explanations for strikes that are alleged to be pretextual. *See Miller–El v. Dretke*, 545 U.S. 231, 253, 125 S. Ct. 2317, 2332, 162 L. Ed. 2d 196 (2005) (examining actual strikes, use of jury shuffle, disparity in questioning, and history of excluding racial minorities from juries).

We will disturb a trial court's ruling on a *Batson* motion only if it is "clearly erroneous." *Snyder*, 552 U.S. at 477, 128 S. Ct. at 1207; *Guzman v. State*, 85 S.W.3d 242, 254 (Tex. Crim. App. 2002). Generally, a fact finder's decision is clearly erroneous when it leaves an appellate court with a "definite and firm conviction that a mistake has been committed." *Guzman*, 85 S.W.3d at 254. We review the evidence in the light most favorable to the trial court's ruling and afford great deference to that ruling. *Jasper*, 61 S.W.3d at 422. Furthermore, a claim that the proffered race neutral reasons for strikes are pretextual presents a question of fact, and the trial court is in the best position to evaluate such claims. *See Watkins v. State*, 245 S.W.3d 444, 447 (Tex. Crim. App. 2008); *Gibson v. State*, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004). The ultimate plausibility of a race neutral explanation is to be considered in the context of whether the defendant has satisfied his burden to show that the strike was the product of the prosecutor's purposeful discrimination. *Watkins*, 245 S.W.3d at 447.

**Discussion**

Appellant contends that the State struck all of the potential African-American jurors from the panel for non-race-neutral reasons, and consequently, he is entitled to a new trial.[2]

The trial court did not expressly find that Appellant made a prima facie showing of racial discrimination. However, the trial court asked the prosecutor his reasons for striking the panel's African-American members. When questioned by Appellant's counsel, the prosecutor specifically denied that race played any role in striking Juror 16 and Juror 21.

---

[2] The trial court stated that it could not recall whether the strikes were exercised against all African-American members within the strike zone. As the trial court noted on the record, Juror 23 did not answer the question regarding race or ethnicity on the juror card, and the trial court could not recall whether Juror 23 was African-American. The parties have represented that Juror 16 and Juror 21 were the only African-Americans in the strike zone.

3

With regard to Juror 16, the prosecutor stated that he struck her for her nonverbal responses to comments made by another potential juror. Specifically, the prosecutor reasoned as follows:

> And then Juror No. 16, the primary reason for striking Juror No. 16 was when [Appellant's counsel] was questioning the panel, she actually was questioning Juror No. 12, who he was standing up. Juror No. 12 is . . . a white male. And [Appellant's counsel] asked him a question about the Fifth Amendment right and reasons why somebody would not testify, and his response to those questions, Juror No. 12, began to list off a number of things, reasons why somebody might not testify, because they have—anyway, quite extensive. I felt that Juror No. 12's answers were bad for the State. I didn't think he was a State's juror because he seemed to express, I guess, an over favoritism towards the Defense and reasons they may not testify.
>
> During Juror No. 12's answering of that question, while he was saying his answers to that question, and he went on for some time, Juror No. 16, who I could see Juror No. 12 and Juror No. 16 from where I was sitting, was actively nodding to his answers to that question, and it looked to me that she was agreeing with what he was saying, with the fact that—with the Fifth Amendment right. The reason they do not require the defendant testify is because whatever the defense attorney says is really what the defendant would testify to. That's how I took Juror No. 12's answers, which is why I struck Juror No. 12; also why I struck Juror No. 16, because she was very visibly nodding in agreement with the answer that Juror No. 12 gave.

The prosecutor explained that he struck Juror 21 based on his youth, education level, and employment at a low skilled job. Specifically, the prosecutor stated as follows:

> [Prosecutor:] Juror No. 21, we exercised a peremptory strike on because Juror No. 21 is 19 years old. He's young. I generally—well always, I guess, strike young jurors, especially ones with low education, and I guess blue collar, low-education-type jobs.
>
> Juror No. 21 is 19, just has a high school diploma, and he's also a dock worker for the *Tyler Morning Telegraph*. The fact that he was young was the primary reason for striking him. Also, because he only had a high school diploma, and he's a dock worker, which is, in my opinion, a low-education employment.
>
> . . . .
>
> [Appellant's Counsel:] [O]n Juror No. 21, you stated the reason why you struck him is due to the fact he's 19 years old and a dock worker. And what is the purpose from the past experiences? Is it your testimony a person who's 19 years old, uneducated, or a blue collar worker is not capable of making decisions such as serving as a juror?
>
> [Prosecutor:] I didn't say he wasn't capable of serving as a juror. And it's my experience that jurors of a younger age tend to be more liberal, as far as their morals, as well as political beliefs. I think that's a pretty standard trend, not just in Smith County but everywhere.
>
> Generally, anyone who's under the age of 25, I would strike for their age. Certainly anyone under the age of 30, I would consider striking for age, but definitely under the age of 25. I would strike anybody on the panel that's younger than that because I find that to be relevant, one, to how conservative they are and, therefore, whether they would be a good State's juror or not.
>
> But also given the number of life experiences that they've had. Generally, it's my opinion that being on jury duty and assessing a prison sentence is a hard decision to make, and that is easier to do for someone who is older, who has had to make more of those tough life decisions.

> While the blue collar job is not somebody that I would strike somebody for on its own, there's obviously many people with blue collar jobs, the fact that . . . Juror No. 21, who is 19, is a dock worker, seems to me to be a pretty basic job, not a lot of hard decisions to make there.
>
> That's something, as a State—for State's jurors, I'm looking for someone who can make hard decisions and make the tough call if they're placed on the jury. I'm sure he's capable of doing those, but I didn't think he would be a preferable juror because of his age and because of his employment.

A prospective juror's nonverbal reactions and body language can be race neutral reasons for exercising a peremptory strike. *See **Nieto v. State***, 365 S.W.3d 673, 680 (Tex. Crim. App. 2012). Youth has been held to be a racially neutral reason for exercising a peremptory strike. ***Moss v. State***, 790 S.W.2d 731, 732 (Tex. App.—Houston [14th Dist.] 1990, no pet.). Employment and education status can also be racially neutral reasons for exercising strikes. *See **Middleton v. State***, 187 S.W.3d 134, 142 (Tex. App.—Texarkana 2006, no pet.) (panel member's employment is race neutral explanation, if prosecutor has had poor success with that type worker); ***Brewer v. State***, 932 S.W.2d 161, 165 (Tex. App.—El Paso 1996, no pet.) (education status).

Appellant acknowledges that these explanations are facially race neutral. However, he argues that the State's proffered reasons were contrived as a pretext for purposeful racial discrimination. Specifically, he claims on appeal that the prosecutor's strike against Juror 16 was an impermissible "sight strike." A "sight strike" is exercised against anyone who does not fit within any type of group that the state would ever want to put on a jury. *See **Davis v. State***, 796 S.W.2d 813, 819 (Tex. App.—Dallas 1990, pet. ref'd). The State's strike against Juror 16 was not a sight strike. It was based on a specific nonverbal reaction indicating agreement with comments made by another juror that the prosecutor deemed unfavorable to the State. The State also struck that juror, who is a white male. A prosecutor's reason for striking a juror based on her demeanor is established when the statement is made on the record, undisputed by opposing counsel, and unquestioned by the trial judge. ***Yarborough v. State***, 947 S.W.2d 892, 895 (Tex. Crim. App. 1997).

Appellant also contends that even though the gesture occurred during Appellant's voir dire, the State had an opportunity to clarify Juror 16's nonverbal responses and that it failed to do so. While a lack of meaningful questioning is a factor to consider in determining whether the trial court's ruling was clearly erroneous, it is not determinative. *See **Johnson v. State***, 959 S.W.2d 284, 290-91 (Tex. App.—Dallas 1997, pet. ref'd). The trial court judge was able to

personally observe the proceedings. Therefore, we defer to the trial court's assessment of the prosecutor's credibility in explaining his reasoning.

After the prosecutor provided his reasons for striking Juror 16 and Juror 21, Appellant simply argued that the State had failed to show that his reasons for striking those jurors were race neutral. The entirety of Appellant's argument at the ***Batson*** hearing was as follows:

> Your Honor, I feel like this jury—this panel should not be seated due to the fact that [the prosecutor] just said from his experience, but just from your experience, you really don't know that—I feel as though [Juror No. 21] was struck due to the fact of him being African-American, along with Juror No. 16, because [the prosecutor] said [s]he was—she was nodding, but there's nowhere in the record but from his testimony.

Appellant did not point out any discrepancies in the reasons given or show that the reasons were merely pretext. Appellant relied solely upon the fact that two African-American members of the panel were struck and identified no other meaningful facts or circumstances to support his claim of discrimination. He did not present any evidence to refute the State's explanations.

Appellant also argues that with respect to Juror 21, "while an age-based striking does not perhaps evidence a discriminatory intent as strongly, the Court nonetheless should consider the strike in light of the State's actions with Juror 16." We have already concluded that the trial court's ruling denying the ***Batson*** challenge for the State's strike against Juror 16 was not clearly erroneous. Since this argument depends upon our finding the State's strike of Juror 16 was a pretext for racial discrimination, we need not address it. *See* TEX. R. APP. P. 47.1.

After reviewing the record, we conclude that Appellant failed to carry his burden to rebut the State's explanation or to establish that the reasons were merely a pretext for purposeful discrimination. *See **Ford v. State***, 1 S.W.3d 691, 694 (Tex. Crim. App. 1999). The facially plausible reasons articulated by the State were not contradicted. Accordingly, we are not left with a "definite and firm conviction that a mistake has been committed" and cannot conclude that the trial court's ruling was clearly erroneous. *See **Hill v. State***, 827 S.W.3d 860, 865 (Tex. Crim. App. 1992).

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 10, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 10, 2015

NO. 12-14-00219-CR

**CHRISTOPHER DARELL KENNEDY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0383-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*