**Cheryl Ra DUFFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62008.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 15, 1982.

Rehearing Denied Jan. 12, 1983.

Kerry Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Fred C. McDaniel, Gerry Holden Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and ROBERTS and McCORMICK, JJ.

McCORMICK, Judge.

## OPINION

This is an appeal from a conviction for promotion of prostitution. Punishment was assessed at two hundred and ten days. Appellant was convicted in a trial before the court. She challenges the sufficiency of the evidence.

The State's sole witness, Donna Hardy, testified that she first met the appellant, Debra Haye and a man named Don Davis in a Dallas bar in April of 1978. After spending the evening in several bars with appellant and her friends, Hardy testified that they asked her if she would like to move in with them. She agreed and that evening she moved into their apartment. Three days after she moved in appellant and Deborah Haye informed Hardy that Don Davis was running a prostitution ring and he was their pimp. They told her what they charged, where they worked and that they gave the proceeds of their work to Don Davis whenever he asked for it. Hardy agreed to work as a prostitute and appellant again instructed her as to the prices to charge, how much time to spend with each customer, and where to take her tricks. During her short-lived week and a half career in the prostitution ring Hardy testified that she would give the money she earned to both appellant and Deborah Haye, who would in turn give it to Don Davis. On one occasion she gave the money to appellant, although she testified she did not know what appellant did with it. Throughout her testimony Hardy reiterated that she thought she was working for Don Davis and appellant was just a go-between.

V.T.C.A., Penal Code, Section 43.03(a), defines promotion of prostitution as follows:

"(a) A person commits an offense if, acting other than as a prostitute receiving compensation for personally rendered prostitution services, he or she knowingly:

"(1) receives money or other property pursuant to an agreement to participate in the proceeds of prostitution; or

"(2) solicits another to engage in sexual conduct with another person for compensation."

We find the evidence is insufficient to support a conviction under either Sections 43.03(a)(1) or 43.03(a)(2). There is no evidence to show that appellant was a party to any agreement to participate in the proceeds of prostitution. She acted merely as a conduit in receiving money from Hardy and then turning it over to Don Davis. Further, there is no evidence in the record to show that the appellant solicited any tricks for Hardy. The evidence is clearly insufficient to show that appellant was anything more than a prostitute working for Don Davis. Appellant's conviction must be reversed.

For these reasons, the judgment is reversed and the cause is reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).