**Opinion filed December 3, 2009**



In The

# Eleventh Court of Appeals

---

No. 11-08-00095-CR

---

## MICHAEL JYROD LOWRY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16202B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Michael Jyrod Lowry of possession of cocaine with the intent to deliver in the amount of more than four grams but less than two hundred grams. The trial court assessed his punishment, enhanced by a prior conviction, at twenty years confinement. We affirm.

### I. *Background Facts*

On July 8, 2005, the Crime Suppression Unit of the Abilene Police Department conducted a prostitution sting. Officer Timothy Pipes, while undercover in an unmarked vehicle, was driving slowly in an area known for prostitution traffic when Lowry waved him over. Lowry asked

Officer Pipes what he was looking for. After learning that Officer Pipes wanted a prostitute, Lowry agreed to provide a girl for oral sex. They agreed on a price. Officer Pipes paid Lowry, and Lowry called to a girl on a nearby porch. She started to come over but was held back by another individual. Lowry returned to Officer Pipes's car, told him to stay put, and left. Soon after, two other girls approached the car and demanded more money. Officer Pipes refused to pay, and the girls left. Officer Pipes drove away and got into a marked car with three other officers. They decided to arrest Lowry for promotion of prostitution. They located him, arrested him, and then found a clear bag filled with cocaine on the ground in the immediate vicinity of the arrest. Lowry moved to suppress the cocaine. The trial court denied his motion, and the jury convicted him of possession with the intent to deliver.

## II. *Issues*

Lowry challenges his conviction with two issues. Lowry argues that the trial court erred by denying his motion to suppress because the cocaine was seized as the result of an unlawful arrest. Next, he contends that the evidence is legally and factually insufficient to support his conviction.

### *Did the Trial Court Err by Denying the Motion to Suppress?*

Lowry argues that Officer Pipes did not have probable cause to arrest him and, therefore, that the cocaine found during his arrest should have been suppressed. The State argues, and the trial court found, that Lowry lacked standing to contest the seizure. We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). In our review, we view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We defer greatly to the trial court's ruling on historical facts but review de novo the trial court's application of the law. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).

The evidence before us supports the trial court's finding that Lowry lacked standing. No seizure occurs under the Fourth and Fourteenth Amendments when police take possession of property that has been intentionally abandoned independent of police misconduct. *Swearingen v. State*, 101 S.W.3d 89, 101 (Tex. Crim. App. 2003). Officer Pipes testified that, when he and the other officers approached Lowry, they told him to get on the ground. Lowry, however, froze and began fumbling with something in his hands. Officer Pipes took Lowry to the ground. Lowry's

2

hands were underneath him, and Officer Pipes had to use force to get them out to handcuff him. Officer Pipes then noticed a clear plastic bag with cocaine on the ground near where Lowry had been standing when he was taken into custody. Officer Pipes testified that he believed Lowry was manipulating this bag with his hands when they approached and that Lowry dropped it when he was taken to the ground. Officer Pipes's testimony is sufficient to support a finding of intentional abandonment.

The trial court also had sufficient evidence to conclude that no police misconduct occurred. An officer may arrest without a warrant whenever a person commits a crime in the officer's presence. TEX. CODE CRIM. PROC. ANN. art. 14.01 (Vernon 2005). Officer Pipes arrested Lowry after he promoted prostitution in his presence. This offense requires a person, who is not a prostitute, to receive compensation for rendering prostitution services either by receiving money pursuant to an agreement to participate in proceeds of prostitution or by soliciting another to engage in sexual conduct with a third person for compensation. TEX. PENAL CODE ANN. § 43.03 (Vernon 2003).

Lowry argues that his detention was unreasonable because the State proffered no evidence that he was a party to an agreement to participate in the proceeds of prostitution. In *Duffield v. State*, 643 S.W.2d 139 (Tex. Crim. App. 1982), the court held that one who merely acts as a conduit by receiving and transferring cash is not guilty of promotion of prostitution. Instead, there must be evidence that the defendant was a participant in the transaction either as a party to share in the proceeds or by soliciting tricks for compensation. *Id.* at 140. The question in *Duffield* was whether there was sufficient evidence to sustain a conviction. In this instance, the State was required only to prove probable cause. *Duffield*, however, is still informative.

Officer Pipes's testimony is sufficient to establish that Lowry was more than a mere conduit. After waving Officer Pipes over as he drove through the neighborhood, Lowry asked him what he needed. When Officer Pipes said he was looking for a girl, Lowry responded, "Yeah, I can help you do that too." Lowry and Officer Pipes negotiated the price, and Officer Pipes gave Lowry a ten-dollar bill. Lowry attempted to retrieve one girl, and there was circumstantial evidence that he sent two others to Officer Pipe's vehicle. If Officer Pipes's testimony is believed, then, unlike *Duffield*, Lowry was actively involved in the transaction.

Lowry challenges Officer Pipes's credibility by pointing to the fact that he had no money when he was booked and argues that Officer Pipes did not pay him. Officer Pipes testified that he was not issued any flash money and, therefore, that the ten-dollar bill he used was his own. Officer Pipes reclaimed that money when Lowry was booked. We are required to afford almost total deference to the trial court's determination of historical facts that depend upon credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the question of whether Officer Pipes paid Lowry turns on Officer Pipes's credibility, we must defer to the trial court's assessment that Officer Pipes was truthful.

Lowry also argues that the evidence is insufficient because there was no testimony describing what he said to the girl who initially started toward Officer Pipes's car and there was no evidence linking him to the two other girls who approached the vehicle and demanded money. These factors go to Officer Pipes's credibility and are not necessary preconditions to a finding of probable cause. If Officer Pipes's testimony is believed, Lowry indicated that he could provide a girl for oral sex; negotiated a price; and after taking Officer Pipes's money, started to retrieve a girl. The trial court did not err by finding that Officer Pipes had probable cause to believe that Lowry was promoting prostitution. Lowry's arrest was, therefore, lawful, and Lowry lacked standing to contest the cocaine seizure. Lowry's first issue is overruled.

### III. *Factual & Legal Sufficiency*

In his final issue, Lowry attacks the sufficiency of the evidence. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

Lowry asserts that the evidence does not support the determination that he possessed 7.64 grams of cocaine because the contraband was not found on his person and could not be linked to

4

him. An individual commits a first degree felony if he has cocaine in excess of four grams but less than two hundred grams and has the intent to deliver it to another. TEX. HEALTH & SAFETY CODE ANN. § 481.113(a), (d) (Vernon Supp. 2009). If the contraband is not found on the defendant's person or a place he exclusively possesses, it may still be affirmatively linked to him through independent facts and circumstances. *Brown v. State*, 911 S.W.2d 744, 745-48 (Tex. Crim. App. 1995). Affirmative links are circumstances, in addition to presence, that justify the conclusion that the defendant knowingly possessed the contraband. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Circumstances that can link a defendant to contraband include the following: (1) if the defendant was present where the substance was found; (2) that the contraband was in plain view; (3) that the contraband was found in proximity to and was accessible to the defendant; (4) that the defendant was under the influence of the drugs; (5) that the defendant possessed other contraband; (6) that the defendant made incriminating statements; (7) an attempt by the defendant to flee; (8) that the defendant made furtive gestures; (9) that there was an odor of contraband present; (10) that the defendant owned or had a right of possession to the place where contraband was found; (11) that the drugs were found in an enclosed space; and (12) that the defendant had a large amount of cash. *Id*.

The State sufficiently linked Lowry to the bag of cocaine. Officer Pipes saw Lowry manipulating something with his hands as he was being taken into custody, Lowry resisted Officer Pipes's attempt to handcuff him by trying to keep his hands underneath his body, and the cocaine was found in plain sight on the ground near where Lowry had been standing.

Lowry also asserts that the evidence does not support that he intended to deliver the cocaine. Intent to deliver can be proven by inferences from the amount of the controlled substance and the manner in which it was possessed. *Ingram v. State*, 124 S.W.3d 672, 675-76 (Tex. App.—Eastland 2003, no pet.). Intent is a question of fact, and we must defer to the jury and assume that it resolved any conflicting evidence in favor of the verdict. *Id*. at 676.

The jury could infer from the large amount of cocaine that Lowry intended to deliver it. The clear plastic bag of cocaine had a mixture of crack cocaine and cocaine in powder form totaling 7.64 grams. Officer Jenkins testified that a typical user purchased cocaine in increments of 0.2 grams and would never possess more than 0.5 grams. The amount of cocaine seized contained approximately

5

37 individual doses. The jury could rationally conclude that the atypical amount of cocaine showed Lowry's intent to deliver.

After examining the facts in the light most favorable to the verdict, the jury could rationally believe beyond a reasonable doubt that Lowry possessed 7.64 grams of cocaine with the intent to deliver. Additionally, under a neutral review, the evidence was not so weak that it made the verdict manifestly unjust and clearly wrong nor was it against the great weight and preponderance of the evidence. Accordingly we hold that the evidence is legally and factually sufficient to support Lowry's conviction. We overrule Lowry's second and final issue.

## IV. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


December 3, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6