Opinion filed December 3, 2009











 
 
  
 
 




   Opinion filed
December 3, 2009




 
 
 
  
 
 
 




 

 

 

 

 

 

In The

 

Eleventh Court of
Appeals

                          

 

No. 11-08-00095-CR

 __________

 

MICHAEL JYROD LOWRY, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 104th District Court

 

Taylor County, Texas

 

Trial Court Cause No. 16202B

 



 

M E M O R A N D U M   O P I N I O N

The
jury convicted Michael Jyrod Lowry of possession of cocaine with the intent to
deliver in the amount of more than four grams but less than two hundred grams. 
The trial court assessed his punishment, enhanced by a prior conviction, at
twenty years confinement.  We affirm.

I.  Background
Facts








On
July 8, 2005, the Crime Suppression Unit of the Abilene Police Department
conducted a prostitution sting.  Officer Timothy Pipes, while undercover in an
unmarked vehicle, was driving slowly in an area known for prostitution traffic
when Lowry waved him over.  Lowry asked Officer Pipes what he was looking
for.  After learning that Officer Pipes wanted a prostitute, Lowry agreed to
provide a girl for oral sex.  They agreed on a price.  Officer Pipes paid
Lowry, and Lowry called to a girl on a nearby porch.  She started to come over
but was held back by another individual.  Lowry returned to Officer Pipes=s car, told him to stay
put, and left.  Soon after, two other girls approached the car and demanded
more money.  Officer Pipes refused to pay, and the girls left.  Officer
Pipes drove away and got into a marked car with three other officers.  They
decided to arrest Lowry for promotion of prostitution.  They located him,
arrested him, and then found a clear bag filled with cocaine on the ground in
the immediate vicinity of the arrest.  Lowry moved to suppress the cocaine. 
The trial court denied his motion, and the jury convicted him of possession
with the intent to deliver.

II.  Issues

Lowry
challenges his conviction with two issues.  Lowry argues that the trial court
erred by denying his motion to suppress because the cocaine was seized as the
result of an unlawful arrest.  Next, he contends that the evidence is legally
and factually insufficient to support his conviction.

Did
the Trial Court Err by Denying the Motion to Suppress?

Lowry
argues that Officer Pipes did not have probable cause to arrest him and,
therefore, that the cocaine found during his arrest should have been
suppressed.  The State argues, and the trial court found, that Lowry lacked
standing to contest the seizure.  We review a trial court=s ruling on a motion to
suppress for an abuse of discretion.  Swain v. State, 181 S.W.3d 359,
365 (Tex. Crim. App. 2005).  In our review, we view the evidence in the light
most favorable to the trial court=s
ruling.  State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  We
defer greatly to the trial court=s
ruling on historical facts but review de novo the trial court=s application of the law.  Wiede v. 
State, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).








The
evidence before us supports the trial court=s
finding that Lowry lacked standing.  No seizure occurs under the Fourth and
Fourteenth Amendments when police take possession of property that has been
intentionally abandoned independent of police misconduct.  Swearingen v.
State, 101 S.W.3d 89, 101 (Tex. Crim. App. 2003).  Officer Pipes testified
that, when he and the other officers approached Lowry, they told him to get on
the ground.  Lowry, however, froze and began fumbling with something in his
hands.  Officer Pipes took Lowry to the ground.  Lowry=s hands were underneath him, and Officer Pipes
had to use force to get them out to handcuff him.  Officer Pipes then noticed a
clear plastic bag with cocaine on the ground near where Lowry had been standing
when he was taken into custody.  Officer Pipes testified that he believed Lowry
was manipulating this bag with his hands when they approached and that Lowry
dropped it when he was taken to the ground.  Officer Pipes=s testimony is sufficient
to support a finding of intentional abandonment.   

The
trial court also had sufficient evidence to conclude that no police misconduct
occurred.  An officer may arrest without a warrant whenever a person commits a
crime in the officer=s
presence.  Tex. Code Crim.
Proc. Ann. art. 14.01 (Vernon
2005).  Officer Pipes arrested Lowry after he promoted prostitution in his
presence.  This offense requires a person, who is not a prostitute, to receive
compensation for rendering prostitution services either by receiving money
pursuant to an agreement to participate in proceeds of prostitution or by
soliciting another to engage in sexual conduct with a third person for
compensation.  Tex. Penal Code
Ann. ' 43.03
(Vernon 2003). 

Lowry
argues that his detention was unreasonable because the State proffered no
evidence that he was a party to an agreement to participate in the proceeds of
prostitution.   In Duffield v. State, 643 S.W.2d 139 (Tex. Crim.
App. 1982), the court held that one who merely acts as a conduit by receiving
and transferring cash is not guilty of promotion of prostitution.  Instead,
there must be evidence that the defendant was a participant in the transaction
either as a party to share in the proceeds or by soliciting tricks for
compensation.  Id. at 140.  The question in Duffield was whether
there was sufficient evidence to sustain a conviction.  In this instance, the
State was required only to prove probable cause.  Duffield, however, is
still informative.

Officer
Pipes=s testimony is
sufficient to establish that Lowry was more than a mere conduit.  After waving
Officer Pipes over as he drove through the neighborhood, Lowry asked him what
he needed.  When Officer Pipes said he was looking for a girl, Lowry responded,
AYeah, I can help you
do that too.@  Lowry
and Officer Pipes negotiated the price, and Officer Pipes gave Lowry a
ten-dollar bill.  Lowry attempted to retrieve one girl, and there was
circumstantial evidence that he sent two others to Officer Pipe=s vehicle.  If Officer
Pipes=s testimony is
believed, then, unlike Duffield, Lowry was actively involved in the
transaction.








Lowry
challenges Officer Pipes=s
credibility by pointing to the fact that he had no money when he was booked and
argues that Officer Pipes did not pay him.  Officer Pipes testified that he was
not issued any flash money and, therefore, that the ten-dollar bill he used was
his own.  Officer Pipes reclaimed that money when Lowry was booked.  We are
required to afford almost total deference to the trial court=s determination of
historical facts that depend upon credibility and demeanor.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Because the question of whether
Officer Pipes paid Lowry turns on Officer Pipes=s
credibility, we must defer to the trial court=s
assessment that Officer Pipes was truthful.

Lowry
also argues that the evidence is insufficient because there was no testimony
describing what he said to the girl who initially started toward Officer Pipes=s car and there was no
evidence linking him to the two other girls who approached the vehicle and
demanded money.  These factors go to Officer Pipes=s credibility and are not necessary
preconditions to a finding of probable cause.  If Officer Pipes=s testimony is believed,
Lowry indicated that he could provide a girl for oral sex; negotiated a price;
and after taking Officer Pipes=s
money, started to retrieve a girl.  The trial court did not err by finding that
Officer Pipes had probable cause to believe that Lowry was promoting
prostitution.  Lowry=s
arrest was, therefore, lawful, and Lowry lacked standing to contest the cocaine
seizure.  Lowry=s
first issue is overruled.  

III. 
Factual & Legal Sufficiency

In
his final issue, Lowry attacks the sufficiency of the evidence.  To determine
if the evidence is legally sufficient, we must review all of the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006).








Lowry
asserts that the evidence does not support the determination that he possessed
7.64 grams of cocaine because the contraband was not found on his person and
could not be linked to him.  An individual commits a first degree felony if he
has cocaine in excess of four grams but less than two hundred grams and has the
intent to deliver it to another.  Tex.
Health & Safety Code Ann. ' 481.113(a), (d) (Vernon
Supp. 2009).  If the contraband is not found on the defendant=s person or a place he
exclusively possesses, it may still be affirmatively linked to him through
independent facts and circumstances.  Brown v. State, 911 S.W.2d 744,
745-48 (Tex. Crim. App. 1995).  Affirmative links are circumstances, in
addition to presence, that justify the conclusion that the defendant knowingly
possessed the contraband.  Evans v. State, 202 S.W.3d 158, 162 (Tex.
Crim. App. 2006).  Circumstances that can link a defendant to contraband
include the following:  (1) if the defendant was present where the substance
was found; (2) that the contraband was in plain view; (3) that the contraband
was found in proximity to and was accessible to the defendant; (4) that the
defendant was under the influence of the drugs; (5) that the defendant
possessed other contraband; (6) that the defendant made incriminating
statements; (7) an attempt by the defendant to flee; (8) that the defendant
made furtive gestures; (9) that there was an odor of contraband present; (10)
that the defendant owned or had a right of possession to the place where
contraband was found; (11) that the drugs were found in an enclosed space; and
(12) that the defendant had a large amount of cash.  Id.

The
State sufficiently linked Lowry to the bag of cocaine.  Officer Pipes saw Lowry
manipulating something with his hands as he was being taken into custody, Lowry
resisted Officer Pipes=s
attempt to handcuff him by trying to keep his hands underneath his body, and
the cocaine was found in plain sight on the ground near where Lowry had been
standing.

Lowry
also asserts that the evidence does not support that he intended to deliver the
cocaine.  Intent to deliver can be proven by inferences from the amount of the
controlled substance and the manner in which it was possessed.  Ingram v.
State, 124 S.W.3d 672, 675-76 (Tex. App.CEastland
2003, no pet.).  Intent is a question of fact, and we must defer to the jury
and assume that it resolved any conflicting evidence in favor of the verdict.  Id.
at 676.








The
jury could infer from the large amount of cocaine that Lowry intended to
deliver it.  The clear plastic bag of cocaine had a mixture of crack cocaine
and cocaine in powder form totaling 7.64 grams.  Officer Jenkins testified that
a typical user purchased cocaine in increments of 0.2 grams and would never
possess more than 0.5 grams.  The amount of cocaine seized contained
approximately 37 individual doses.  The jury could rationally conclude that the
atypical amount of cocaine showed Lowry=s
intent to deliver.  

  
After examining the facts in the light most favorable to the verdict, the jury
could rationally believe beyond a reasonable doubt that Lowry possessed 7.64
grams of cocaine with the intent to deliver.  Additionally, under a neutral
review, the evidence was not so weak that it made the verdict manifestly unjust
and clearly wrong nor was it against the great weight and preponderance of the
evidence.  Accordingly we hold that the evidence is legally and factually
sufficient to support Lowry=s
conviction.  We overrule Lowry=s
second and final issue.

IV.  Conclusion

The
judgment of the trial court is affirmed.                                                         

 

                              

RICK STRANGE

JUSTICE

 

December 3, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.